IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Samuel M. Rotter, | Case No. 2:25-cv-00854-PD |
| Plaintiff, | Judge Paul S. Diamond |
| v. | MOTION TO DISMISS CHERYL WALTERS |
| Vision & Beyond Group, LLC, et al, | |
| Defendants. | |

Defendant Cheryl Walters, proceeding pro se, respectfully moves this Court to dismiss Plaintiff's Complaint (ECF No. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff Samuel M. Rotter asserts claims under the Pennsylvania Wage Payment and Collection Law (WPCL) against multiple defendants, including Cheryl Walters. However, Plaintiff's Complaint fails to allege facts sufficient to establish that Ms. Walters is personally liable under the WPCL. As alleged Ms. Walters, held the title of Vice President of Human Resources at Vision & Beyond Group LLC ("V&B"), however the complaint fails to specifically allege that she had authority over financial decisions, wage payments, or employment decisions regarding Plaintiff. As such, the claims against her must be dismissed.

**II. LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

### III. ARGUMENT

A. Cheryl Walters Does Not Meet the Standard for Personal Liability Under the WPCL

The WPCL permits individual liability only for corporate officers or agents who actively participate in decisions related to wage payments. Courts have repeatedly held that mere corporate titles do not suffice to impose liability under the WPCL; rather, the individual must have exercised significant control over the company's financial affairs and wage decisions. See *Carpenters Health & Welfare Fund v. Ambrose, Inc.*, 727 F.2d 279, 282 (3d Cir. 1983) (holding that personal liability requires active participation in wage payment decisions); *Belcufine v. Aloe*, 112 F.3d 633, 639 (3d Cir. 1997) (limiting WPCL liability to individuals with operational control over wage payments).

Here, Plaintiff does not allege that Ms. Walters had any authority over financial matters or wage payments at V&B. The complaint fails to allege that in her role as Vice President of Human Resources she had control over financial decisions affecting employee compensation payments. The Eastern District of Pennsylvania has consistently held that officers who do not exercise financial control are not liable under the WPCL. See *Accurso v. Infra-Red Services, Inc.*, 169 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (stating that WPCL liability requires evidence of policymaking authority over wage payments). Plaintiff fails to allege any such policymaking authority with respect to Ms. Walters.

B. Plaintiff's Conclusory Allegations Are Insufficient to Establish Liability

Plaintiff's Complaint simply asserts, in a conclusory fashion, that all individual defendants "were directly involved in the decision not to pay Rotter." However, such generalized allegations do not satisfy the pleading standards under *Twombly and Iqbal*. Courts have dismissed similar claims where a plaintiff fails to provide factual support for allegations of individual control over wage payments. See *Hirsch v. EPL Technologies, Inc.*, 910 A.2d 84, 92 (Pa. Super. Ct. 2006) (holding that mere presence in management is insufficient to impose WPCL liability absent evidence of direct involvement in payroll decisions).

As Plaintiff has failed to provide any factual allegations linking Ms. Walters to the decision-making process regarding his wages, the claim against her must be dismissed.

C. Ms. Walters Had No Involvement in the Arbitration or Employment Decision

The Complaint concedes that Plaintiff pursued arbitration against V&B for wage-related claims and received an award. Plaintiff now seeks to impose personal liability on Ms. Walters despite acknowledging that she had no role in his hiring, termination, or the arbitration process. Given that the WPCL does not impose liability on individuals who were uninvolved in wage decisions, the claim against Ms. Walters should be dismissed. See *Laborers Combined Funds v. Mattei*, 359 Pa. Super. 399, 404 (1986) (holding that liability under the WPCL requires actual decision-making authority over wages).

D. I also incorporate by reference the jurisdiction and venue arguments set forth in the motion to dismiss and supporting memorandum filed by Donald Feathers (ECF # 7) as those are identically applicable to me.

IV. CONCLUSION

For the foregoing reasons, Defendant Cheryl Walters respectfully requests that this Court dismiss all claims against her with prejudice.

Respectfully submitted,

/s/Cheryl Walters
Cheryl Walters, pro se
7308 Vinnedge Road
Fairfield Township, Ohio 45011
513-335-4575
cherylwalters2468@gmail.com

**Certificate of Service**

I hereby certify that I served a copy of the foregoing upon the parties and/or their counsel of record via email pursuant to FRCP 5 on April 2, 2025, at the following email addresses.

Susan Metcalf, Esq.
smetcalfe@potomaclaw.com

Donald Feathers
drfeathers@live.com

David Mizrachi
dmizrachi@vnbinvest.com

Stanislav Grinberg
stas@vnbinvest.com

Peter Gizunterman
Peter@vnbinvest.com

/s/Cheryl Walters
Cheryl Walters, pro se